## CITY OF CHICAGO
### v.
## E. J. BROWNELL.

*Municipal Corporations—Ordinance—Violation—Book-making and Pool-selling—Validity—Gaming.*

Upon a prosecution by a municipality for the violation of one of its ordinances prohibiting book-making and pool-selling, this court holds that the fact that the ordinance and a statute of this State are alike in terms, is an immaterial circumstance, the authority to pass said ordinance being derived from the " Cities, Villages and Towns Act," but that the same is invalid by reason of the proviso thereto.

[Opinion filed June 25, 1891.]

APPEAL from the Criminal Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. JOHN A. MAY, for appellant.

Messrs. WILLIAM S. FORREST and JOHN C. RICHBERG, for appellee.

GARY, J.  The city prosecuted the appellee for violating an ordinance passed by the city September 16, 1889, in the same terms, substantially, as the act to prohibit book-making and pool-selling, approved May 31, 1887. The validity of that ordinance is the only question in the case, and that question arises on the proviso, "that the provisions of this ordinance shall not apply to the actual inclosure of fair or race track associations that are incorporated under the laws of the State, during the actual time of the meetings of said associations, or within twenty-four hours before any such meeting."

That the ordinance and the statute are alike in terms, is an immaterial circumstance, for the authority of the city to pass any ordinance upon the subject is not derived from that act, but from clause 45, Sec. 63, Art. 5 of the "Cities, Villages and Towns Act," and that authority is "to suppress gaming and gambling houses."

Whether the sovereign power of the State may discriminate and permit, under some circumstances, acts which are considered prejudicial to the public weal under others, is a question not in this case.

Upon a subject-matter which the city had authority to regulate, doubtless there may be discrimination for sufficient reasons; but authority to suppress is not authority to permit and regulate. In the exercise of the authority to suppress the city may not be partial, and by implication, confer upon some a privilege to do what is prohibited to others.

The general question of the necessity of equality in ordinances has been recently considered by this court. City of Lake View v. Tate, 33 Ill. App. 78.

It is urged that the proviso may be held void and the rest of the ordinance valid. That position leads to this absurdity: if the offense was committed within the privilege of the proviso, it could not be punished under the ordinance, because the ordinance does not prohibit it; if without that privilege, then to enforce the ordinance is in effect to carry into execu-

tion the very partiality for which the proviso is to be held void. Thus the result would be that the ordinance would be a sword against those who are discriminated against and a shield to its favorites.

The judgment of the Criminal Court holding the ordinance void, is affirmed.

*Judgment affirmed.*